# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**WAYNE HAYGOOD**                                            **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 3:20CV-56-DAS**

**COMMISSIONER OF SOCIAL
SECURITY**                                          **DEFENDANT**

## FINAL JUDGMENT AND OPINION

This court has before it the plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration regarding his application for Social Security Disability and/or Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court has reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law. The court, considering the above and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the court on the record at the conclusion of the parties' oral argument, the court finds that the decision of the Commissioner of Social Security should be affirmed. As to the plaintiff's first and third arguments on the plaintiff's physical RFC and the ALJ's failure to order consultative examination for the plaintiff's physical impairments, the court finds that there was no legal error and substantial evidence supports the decision.

While the court finds the decision should be affirmed, the plaintiff has raised a relatively novel issue which should be specifically addressed. The ALJ, in assessing the "B" criteria, found the plaintiff had a marked limitation in his ability to interact with others. The plaintiff argues the ALJ failed to proper evaluate the plaintiff's limitation under SSR 85-15.

This ruling provides:

> The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. **A substantial loss of ability to meet any of these basic, work related activities would severely limit the potential occupational base.** This in turn would justify a finding of disability because even favorable age, education or work experience will not offset such a severely limited occupational base."

The plaintiff argues that because the ALJ found the plaintiff had a marked limitation, he should have found that Haygood sustained the "substantial loss" referenced by SSR 85-15 and found him disabled. The court has not heard this argument before, and counsel candidly admits he has not found case authority on this point.

Two "marked" mental impairments in the "paragraph B" evaluation of the severity of mental impairments meets the Listings 12.06 or 12.08 and would qualify a claimant for an award of disability benefits. Accepting the plaintiff's interpretation of SSR 85-15 would lead to the illogical result that a claimant with only one "marked" mental limitation would also qualify for disability under the "substantial loss" language in SSR 85-15. The court is unconvinced that a "marked" limitation under the "paragraph B" evaluation is the equivalent to the "substantial loss" in SSR 85-15. Regardless of how SSR 85-15 should be interpreted, in this case substantial evidence clearly supports the mental RFC given to the plaintiff. *Crisman v.*

*Astrue*, 2010 WL 2540602 (N.D. June 17, 2010). The consultative examiner found that Haygood could occasionally interact with the coworkers and supervisors, and that limitation was incorporated into his RFC. The decision of the Commissioner is affirmed.

**SO ORDERED AND ADJUDGED** this the 29th day of January, 2021.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**